**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CAITRIN M.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-25-4275** |
| **FRANK J. BISIGNANO, Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

## MEMORANDUM ORDER

On December 29, 2025, Plaintiff Caitrin M. petitioned this Court to review the final decision of the Social Security Administration denying her claim for benefits.[1] ECF No. 1. On September 25, 2026, the undersigned affirmed the final decision denying Plaintiff's application for benefits. ECF Nos. 17–18; *Caitrin M.* v. *Bisignano*, Civil Action No. EA-25-4275, 2026 WL 2906486 (D. Md. Sept. 25, 2026). On October 9, 2026, Plaintiff moved for reconsideration pursuant to Local Rule 105.10 (D. Md. Dec. 1, 2025). ECF No. 19. The motion is fully briefed, and no hearing is necessary.[2] ECF No. 20; Local Rule 105.6.

A Local Rule 105.10 motion for reconsideration is construed as a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment. *Jarvis* v. *Berryhill*, Civil Action No. TMD-15-2226, 2017 WL 467736, at *1 (D. Md. Feb. 3, 2017). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments[,] or present evidence that could have been raised prior to the entry of judgment." *Kimberly B.* v. *Kijakazi*, Civil Action No. TJS-20-2877, 2022 WL 748097, at *1 (D. Md. Mar. 11, 2022) (quotation marks and citation omitted). The Court

---

[1] This case was referred to a United States Magistrate Judge with the parties' consent and reassigned to the undersigned on September 9, 2026. ECF Nos. 3, 5–6; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

[2] Plaintiff elected not to file a reply and time for doing so has expired. Local Rule 105.2(a).

may alter or amend a final judgment pursuant to Rule 59(e) only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Krista M.* v. *Kijakazi*, Civil Action No. MJM-21-2474, 2023 WL 9173074, at *1 (D. Md. Dec. 7, 2023) (citing *United States ex rel. Becker* v. *Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to" relitigate issues the Court has already considered and decided. *Crocetti* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Ultimately, reconsideration of a final judgment is an "extraordinary remedy that should be used sparingly." *Jarvis*, 2017 WL 467736, at *2.

Plaintiff does not identify a change in controlling law or new evidence to support reconsideration. ECF No. 19. To the extent Plaintiff relies on clear error, "there must be more than simply a 'mere disagreement' with a decision to support a Rule 59(e) motion." *Williams* v. *Fontanez*, Civil Action No. GLR-22-1882, 2023 WL 8174323, at *1 (D. Md. June 5, 2023) (quoting *Hutchinson* v. *Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). This is because a "'factually supported and legally justified' decision does not constitute clear error." *Jarvis*, 2017 WL 467736, at *1 (quoting *Hutchinson*, 994 F.2d at 1081-1082). Further, "clear error" will not be found when the prior decision is "just maybe or probably wrong"; it must be "dead wrong." *TFWS, Inc.* v. *Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quotation marks and citation omitted).

Plaintiff's motion is bereft of any of the criteria for reconsideration. Accordingly, it is hereby ORDERED that Plaintiff's motion for reconsideration (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Date: November 9, 2026

/s/
Erin Aslan
United States Magistrate Judge